IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAIME ROACH; MARQUES JONES                                    PLAINTIFFS

V.                                                    CAUSE NO. 3:16-CV-684-CWR-FKB

GEICO INSURANCE COMPANY; KIM                                  DEFENDANTS
TUGGLE

## ORDER

Before the Court is Kim Tuggle's motion to dismiss. Docket No. 13. The matter is fully

briefed and ready for adjudication. Familiarity with the legal standard and substantive law are

presumed, as the same attorneys represent nearly identical clients in nearly identical litigation

presently before this Court. *See Thomas v. GEICO*, No. 3:16-CV-620-CWR-FKB (S.D. Miss.).

The plaintiffs brought this suit against GEICO and insurance adjuster Kim Tuggle

claiming impropriety in the handling of the plaintiffs' claim for uninsured/underinsured benefits.

Under Mississippi law, the plaintiffs can prevail against Tuggle if and only if she acted with

"gross negligence, malice, or reckless disregard for the rights of the insured." *Gallagher Bassett*

*Servs., Inc. v. Jeffcoat,* 887 So. 2d 777, 784 (Miss. 2004).

Although the plaintiffs have invoked the correct law, they have not presented allegations

describing *how* Tuggle acted with gross negligence, malice, or reckless disregard for their rights.

The complaint says only that Tuggle's settlement offer exceeded the plaintiffs' medical bills but

fell short of the policy limits. That does not indicate gross negligence, malice, or reckless

disregard. It follows that the claim against Tuggle is due to be dismissed. *Accord Rogers v.*

*Nationwide Prop. & Cas. Ins. Co.*, 433 F. Supp. 2d 772, 777 (S.D. Miss. 2006) ("Plaintiffs'

complaint is replete with their conclusory allegation that Whitehead engaged in conduct which

was intentional, grossly negligent or in reckless disregard of their rights; but as with Beckwith

and The Nowell Agency, they fail to identify *any* conduct that would so qualify."); *Harper v. Mississippi Dep't of Human Servs.*, No. 3:12-CV-759-CWR-LRA, 2013 WL 1624580, at *2 (S.D. Miss. Apr. 15, 2013) (dismissing where the "complaint does not contain specific allegations describing what [defendant] did to violate [plaintiff's] rights").

Still, "it is well-established that plaintiffs who may still have a viable avenue to recover should be granted leave to amend their complaint and make their 'best case.'" *Boutwell v. Time Ins. Co.*, No. 3:11-CV-689-CWR-LRA, 2013 WL 53902, at *4 (S.D. Miss. Jan. 3, 2013) (citation omitted); *see also Morrison v. City of Baton Rouge*, 761 F.2d 242, 245-46 (5th Cir. 1985) (affirming amendment of complaint, more than three years after early dispositive motion practice, which permitted plaintiffs to make their "best case"). If the plaintiffs can articulate a claim of gross negligence against Tuggle they may file a second amended complaint within 10 days. Otherwise, their case shall proceed against GEICO alone.

The motion is granted.

**SO ORDERED**, this the 22nd day of December, 2016.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE